DAVIS, COWELL & BOWE, LLP
Richard McCracken, SBN 65058
        rmccracken@dcbsf.com
Paul L. More, SBN 228589
        pmore@dcbsf.com
595 Market Street, Suite 800
San Francisco, CA 94105
Tel:    (415) 597-7200
Fax:    (415) 597-7201

*Attorneys for UNITE HERE LOCAL 19*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### (San Jose Division)

| | |
|---|---|
| IAN MCCRAY, an individual, on behalf of himself, and on behalf of all other persons similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITE HERE LOCAL 19,<br><br>        Defendants. | Case No: 5:16-cv-01233 − HRL<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**<br><br>**[F.R.C.P. 12(b)(1), 12(b)(6)]**<br><br>Date:    Tuesday, June 14, 2016<br>Time:    10:00 a.m.<br>Court:    Courtroom 2−5th Flr.<br><br>Assigned to:  Hon. Magistrate Judge<br>                  Howard R. Lloyd<br><br>Complaint Filed: March 11, 2016 |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION TO DISMISS ............................................................ 1

ISSUES PRESENTED ................................................................................................................ 1

INTRODUCTION ...................................................................................................................... 2

BACKGROUND ......................................................................................................................... 3

ARGUMENT ............................................................................................................................... 8

I.   McCray Failed to Plead Facts to Support Federal Jurisdiction. ...................................... 8

II.  The Complaint Fails to State a Claim Under Rule 12(b)(1) or 12(b)(6). ..................... 10

A.   McCray's DFR Claim Is Time-Barred Under *DelCostello* ................................ 10

B.   McCray's Duty of Fair Representation Claim is Legally Frivolous. ................ 13

1.   McCray misunderstands the duty-of-fair-representation standard. ......... 13

2.   McCray's claim that collective-bargaining opt-outs are prohibited is frivolous. ............................................................................................ 15

3.   McCray's duty-of-fair-representation cause of action is frivolous. ......... 18

C.   McCray's State-Law Claims Are Preempted Under Hornbook Law ................ 19

CONCLUSION ......................................................................................................................... 21

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Addington v. US Airline Pilots Ass'n,*
5
   791 F.3d 967 (9th Cir. 2015) ................................................................................. 15

6

*Adkins v. Mireles,*
7
   526 F.3d 531 (9th Cir. 2008) ................................................................................. 19

8

*Air Line Pilots Ass'n, Int'l v. O'Neill,*
9
   499 U.S. 65 (1991) ...................................................................................... 14, 18

10

*Allen v. United Food & Commercial Workers Int'l Union,*
11
   43 F.3d 424 (9th Cir. 1994) ................................................................................. 12

12

*Am. Hotel & Lodging Ass'n v. City of Los Angeles,*
   119 F. Supp. 3d 1177 (C.D. Cal. 2015) ................................................ 4, 16, 17
13

*Ashcroft v. Iqbal,*
14
   556 U.S. 662 (2009) ................................................................................. 13

15

*Audette v. ILWU Local 24,*
16
   195 F.3d 1108 (9th Cir. 1999) ................................................................................. 20

17

*Babler Bros., Inc. v. Roberts,*
18
   995 F.2d 911 (9th Cir.1993) ................................................................................. 16

19

*Bautista v. Pan American World Airlines,*
20
   828 F.2d 546 (9th Cir.1987) ................................................................................. 14

21

*Beck v. United Food & Commercial Workers Union,*
22
   506 F.3d 874 (9th Cir. 2007) ................................................................................. 2, 14

23

*Bliesner v. Commc'n Workers of Am.,*
   464 F.3d 910 (9th Cir. 2006) ................................................................................. 9
24

*Bryant v. Am. Fed'n of Musicians,*
25
   No. 14CIV2598PACHBP, 2015 WL 7301076 (S.D.N.Y. Nov. 18, 2015) ....................... 20

26

*Burkevich v. Air Line Pilots Ass'n, Int'l,*
27
   894 F.2d 346 (9th Cir. 1990) ................................................................................. 13

28

*Cash v. Chevron Corp.*,
No. C 99-3068 MJJ, 1999 WL 1075151 (N.D. Cal. Oct. 4, 1999) ..................................... 19

*Century Southwest Cable Television, Inc. v. CIIF Assocs.*,
33 F.3d 1068 (9th Cir. 1994) ............................................................................................... 8

*Coleman v. S. Wine & Spirits of California, Inc.*,
No. 11-00501 SC, 2011 WL 5520983 (N.D. Cal. Nov. 14, 2011) .................................... 20

*Cook v. Columbian Chemicals Co.*,
997 F.2d 1239 (8th Cir. 1993) ........................................................................................... 12

*DelCostello v. Int'l Bhd. of Teamsters*,
462 U.S. 151 (1983) ...................................................................................................*passim*

*Firestone v. Southern California Gas Co.*,
219 F.3d 1063 (9th Cir. 2000) ........................................................................................... 16

*Flowers v. Los Angeles Cty. Metro. Transp. Auth.*,
243 Cal.App.4th 66 (2015) ................................................................................................ 17

*Ford Motor Co. v. Huffman*,
345 U.S. 330 (1953) ........................................................................................................... 14

*Fort Halifax Packing Co. v. Coyne*,
482 U.S. 1 (1987) ............................................................................................................... 16

*Fortuna Enterprises, L.P. v. City of Los Angeles*,
673 F. Supp. 2d 1000 (C.D. Cal. 2008) ............................................................................ 17

*Galindo v. Stoody Co.*,
793 F.2d 1502 (9th Cir. 1986) ........................................................................................... 11

*Gardner v. Int'l Tel. Employees Local No. 9*,
850 F.2d 518 (9th Cir. 1988) ............................................................................................. 11

*General Tel. Co. of Southwest v. Falcon*,
457 U.S. 147 (1982) ........................................................................................................... 21

*Granite Rock Co. v. Int'l Bhd. of Teamsters*,
546 F.3d 1169 (9th Cir. 2008) ........................................................................................... 10

*Guidry v. Marine Engineers & Beneficial Ass'n*,
No. C 11-05347 CRB, 2012 WL 646302 (N.D. Cal. Feb. 28, 2012) ................................ 20

iii

*Hyles v. Mensing*,
  849 F.2d 1213 (9th Cir. 1988) ............................................................. 20

*Kaufman v. Int'l Longshore & Warehouse Union*,
  No. 14-CV-03237-JST, 2015 WL 5698742 (N.D. Cal. Sept. 29, 2015) ........................... 11

*Livadas v. Bradshaw*,
  512 U.S. 107 (1994) .................................................................. 2, 4, 16

*Madison v. Motion Picture Set Painters & Sign Writers Local 729*,
  132 F. Supp. 2d 1244 (C.D. Cal. 2000) .................................................... 20

*Marquez v. Screen Actors Guild, Inc.*,
  525 U.S. 33 (1998) ............................................................ 9, 13, 14, 19

*National Broadcasting Co., Inc. v. Bradshaw*,
  70 F.3d 69 (9th Cir. 1995) ............................................................... 16

*Newgent v. Modine Mfg. Co.*,
  495 F.2d 919 (7th Cir. 1974) ............................................................. 12

*NLRB v. Vista Del Sol Health Servs., Inc.*,
  40 F. Supp. 3d 1238, 1250 (C.D. Cal. 2014) ............................................... 8

*Pastrana v. Local 9509, Commc'ns Workers of Am.*, No. 06-CV-1779 W(AJB),
  2008 WL 5054112 (S.D. Cal. Nov. 20, 2008) ............................................... 12

*Patterson v. Int'l Bhd. of Teamsters, Local 959*,
  121 F.3d 1345 (9th Cir. 1997) ........................................................... 13

*Peterson v. Air Line Pilots Ass'n, Int'l*,
  759 F.2d 1161 (4th Cir.1985) ............................................................ 20

*Rice v. Providence Reg'l Med. Ctr. Everett*,
  No. C09-482 RSM, 2009 WL 2342449 (W.D. Wash. July 28, 2009) ............................... 10

*Rugemer v. Am. Nat. Can Co.*,
  217 F.3d 846 (9th Cir. 2000) ............................................................. 8

*RUI v. City of Berkeley*,
  371 F.3d 1137 (9th Cir. 2004) ........................................................... 16

*Shek v. California Nurses Ass'n/Caregivers & Healthcare Employees Union*,
  No. C-10-1483 EMC, 2010 WL 3155830 (N.D. Cal. Aug. 9, 2010) ............................... 20

iv

*Smith v. Grumman*,
   60 F. Supp. 3d 1051, 1055 (N.D. Cal. 2014) ...................................................................... 10

*Stokes v. Local 116 of Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers*,
   No. CIV. A. 92-3131, 1993 WL 23895 (E.D. Pa. Feb. 2, 1993) ........................................ 12

*Textron Lycoming Reciprocating Engine Div., Avco Corp. v. UAW*,
   523 U.S. 653 (1998) ................................................................................................................ 8

*Thomas v. Nat'l Ass'n of Letter Carriers*,
   225 F.3d 1149 (10th Cir. 2000) ............................................................................................ 20

*Tosco Corp. v. Communities for a Better Environment*,
   236 F.3d 495 (9th Cir. 2001) .................................................................................................. 8

*UAW v. Hoosier Cardinal Corp.*,
   383 U.S. 696 (1966) .............................................................................................................. 13

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) .................................................................................................. 3

*United Steelworkers v. Rawson*,
   495 U.S. 362 (1990) .............................................................................................................. 13

*Vaca v. Sipes*,
   386 U.S. 171 (1967) ........................................................................................................ 13, 19

*Viceroy Gold Corp. v. Aubry*,
   75 F.3d 482 (9th Cir. 1996) .................................................................................................. 16

*Vranish v. Exxon Mobil Corp.*,
   223 Cal.App.4th 103 (2014) ............................................................................................ 16, 17

*White v. White Rose Food, a Div. of DiGiorgio Corp.*,
   128 F.3d 110 (2d Cir. 1997).................................................................................................. 12

*Wolfe v. Strankman*,
   392 F.3d 358 (9th Cir. 2004) ................................................................................................ 11

*Wylie v. Foss Maritime Co.*,
   No. C–06–7228–MHP ........................................................................................................... 18

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS COMPLAINT

Case No. 5:15-cv-01233-HRL

**Federal Statutes**

Labor Management Relations Act § 301(a), 29 U.S.C. § 185(a)......................................... 1, 2, 8

Fair Labor Standards Act, 29 U.S.C. § 207(b)........................................................ 15

Labor Management Reporting and Disclosure Act,

   29 U.S.C. § 411(a)(1)-(5)........................................................................ 10

   29 U.S.C. § 412............................................................................ 1, 2, 8, 10


**Federal Rules of Civil Procedure**

F.R.C.P. 12(b)(1)................................................................................... *passim*

F.R.C.P. 12(b)(6)................................................................................... 21

F.R.C.P. 23....................................................................................... 1, 21


**State Codes**

Cal. Elect. Code § 9212............................................................................ 4

Cal. Lab. Code § 204(c)........................................................................... 15

Cal. Lab. Code § 514............................................................................ 16, 17

Cal. Lab. Code § 1194........................................................................... 17, 18

Cal. Lab. Code § 1197........................................................................... 17, 18


**City Codes**

Emeryville Mun. Code 5-32.1.4(d) .................................................................. 16

Los Angeles Admin. Code § 10.37.12 ................................................................. 16

Los Angeles Mun. Code § 181.00.................................................................... 16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Sac. City Code § 3.58.090 ........................................................................................ 16

San Francisco Admin. Code § 12.R.8 ..................................................................... 16

San Jose Min. Wage Ord. Chpt. 4.100-4.100.120 ..........................................*passim*

San Jose Mun. Code § 4.100.050 ...................................................................*passim*

San Leandro Mun. Code § 1-6-640(k) ..................................................................... 16

DEFENDANT'S NOTICE OF MOTION AND                    Case No. 5:15-cv-01233-HRL
MOTION TO DISMISS COMPLAINT

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that on June 14, 2016, at 10:00 a.m., or at such other date and time as may be fixed by the Court, defendant UNITE HERE Local 19 ("Local 19") will and hereby does move to dismiss Plaintiff Ian McCray's "Complaint for Declaratory Relief and for Damages Re Violations of Labor Management Reporting Disclosure [*sic*] Act; Labor Management Relations Act *etc.*" (the "Complaint") in its entirety and to dismiss or strike the class allegations contained therein.  Local 19's Motion to Dismiss is made pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and other pleadings in support of the Motion, and all pleadings on file in this matter, and upon such other matters as may be presented to the Court at the time of the hearing or otherwise.

**ISSUES PRESENTED**

1.      Has Plaintiff Ian McCray ("McCray") pled facts that support his assertion of federal jurisdiction under Labor Management Relations Act ("LMRA") § 301(a), 29 U.S.C. § 185(a), or Labor Management Reporting and Disclosure Act ("LMRDA") § 412, 29 U.S.C. § 412?

2.      If jurisdiction exists, is McCray's cause of action against the Union alleging breach of the duty of fair representation time-barred under the six-month statute of limitations set forth in *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151 (1983)?

3.      Does McCray's complaint fail to state a claim under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6) for breach of the duty of fair representation?

4.      Are McCray's causes of action for "breach of fiduciary duty" and "civil conspiracy" preempted by the National Labor Relations Act ("NLRA"), which is the federal statutory basis for a union's duty of fair representation to its members?

5.      Based on the foregoing, should McCray's class allegations pursuant to Federal Rule of Civil Procedure 23 also be dismissed?

1

## INTRODUCTION

Plaintiff Ian McCray has filed a baseless lawsuit against UNITE HERE Local 19 (the "Union"), alleging that the Union violated its duty of fair representation to him by negotiating a collective bargaining agreement in 2013 that waived coverage of the San Jose Minimum Wage Ordinance for employees at the San Jose Marriott Hotel.

Collectively bargained opt-outs from federal, state, and local minimum labor standards are both common and perfectly lawful. *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). The San Jose Minimum Wage Ordinance (the "Ordinance") expressly permits unions and unionized employers to opt-out of the Ordinance's minimum-wage provisions in a collective bargaining agreement. San Jose Mun. Code 4.100.050. McCray failed to recognize this or to gain even a rudimentary grasp of the relevant labor law doctrines prior to filing his complaint.

McCray's claim that the Union breached its duty of fair representation to him by negotiating a collective bargaining opt-out is frivolous. The complaint misconstrues the standard that applies to such claims. *Cf.* Doc. 20 (the "Complaint"), ¶ 49, 51; *Beck v. United Food & Commercial Workers Union,* 506 F.3d 874, 879 (9th Cir. 2007) ("We may decline to give a union the deference owed to an exercise of judgment only where union actions or inactions are 'so far outside a wide range of reasonableness that [they are] wholly irrational or arbitrary.'") (internal citation omitted). It is baseless to argue that the Union acted "wholly irrationally" in negotiating an opt-out that is permitted under state and federal law and expressly provided for in the Ordinance.

McCray's action also has insurmountable procedural problems. It is clearly time-barred under the six-month statute of limitations governing duty-of-fair-representation claims. *DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 172 (1983). Moreover, McCray fails to allege facts that would establish jurisdiction under LMRA § 301(a), 29 U.S.C. § 185(a) or LMRDA § 412, 29 U.S.C. § 412, his asserted bases for federal jurisdiction.

The complaint should be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6).

/ / /

2

1

## BACKGROUND

2

3

4

5

6

7

8

This motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(1) and, alternatively, Rule 12(b)(6).  *See infra*, Part II.A.  If adjudicated under Rule 12(b)(1), the Court may refer to extrinsic evidence in deciding the motion.  If treated as a Rule 12(b)(6) motion, the Court may only refer to the allegations in the complaint, documents referenced in the complaint, and judicially noticeable materials.  *United States v. Ritchie,* 342 F.3d 903, 907–08 (9th Cir. 2003).  As explained below, the complaint must be dismissed under either Rule 12(b)(1) or 12(b)(6).

9

### *The San Jose Minimum Wage Ordinance*

10

11

12

13

14

15

16

On November 6, 2012, voters in the City of San Jose overwhelmingly passed "Measure D"—the City of San Jose Minimum Wage Ordinance (the "Ordinance").[1]  The Ordinance establishes a minimum wage for all employees who work at least two hours per calendar week in the City of San Jose.  Ordinance, at §§ 4.100.030, 4.100.040 (attached as Request for Judicial Notice ("RJN"), Exh. B).[2]  The Ordinance took effect on March 11, 2013, setting an initial minimum wage of $10 per hour, with cost-of-living increases thereafter.  *Id.* at §§ 4.100.040(B), Section 2.  Currently, the minimum wage stands at $10.30 per hour.[3]

17

18

The Ordinance allows unionized employers and unions to opt-out of the Ordinance's requirements in a *bona fide* collective bargaining agreement:

19

### 4.100.050 WAIVER THROUGH COLLECTIVE BARGAINING.

20

21

22

To the extent required by federal law, all or any portion of the applicable requirements of this Chapter may be waived in a bona fide collective bargaining agreement, provided that such waiver is explicitly set forth in such agreement in clear and unambiguous terms.

23

24

25

[1] Santa Clara County Registrar of Voters, Elections Summary, available at: http://results.enr.clarityelections.com/CA/Santa_Clara/43231/113724/en/summary.html# (last visited, March 31, 2016), attached as Request for Judicial Notice, Exh. A.

26

27

[2] McCray failed to append a copy of the Ordinance to his complaint, and the complaint fails to mention key passages of the law.

28

[3] Official 2016 Minimum Wage Bulletin, https://www.sanjoseca.gov/minimumwage (last visited March 31, 2016), attached as RJN, Exh. C.

Ordinance, § 4.100.050.  The introductory phrase of this provision—"to the extent required by federal law"—refers to the fact that labor unions may only waive employees' rights to statutory minimum wages (or other minimum labor standards) in collective bargaining agreements and then only through waivers that are set forth in clear and unmistakable terms.  *Livadas,* 512 U.S. at 125 (in order to be effective, collective bargaining opt-outs from minimum labor standards "have to be '"clear and unmistakable"'") (internal citations omitted); *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 119 F. Supp. 3d 1177, 1197 (C.D. Cal. 2015) (under *Livadas*, "collective bargaining agreement waivers need to be 'clear and unmistakable' to be given effect.").

The City recognizes that Section 4.100.050 allows unions representing covered employees to negotiate opt-outs, so long as the opt-out is in a collective bargaining agreement and is clear and unambiguous.  The title and ballot summary drafted by the San Jose City Attorney to accompany the Measure D initiative petition makes clear that the "to the extent required by federal law" preamble to Section 4.100.050 refers to the federal requirement that waivers of employee statutory rights in collective bargaining agreements must be express: "The proposed measure would not preempt any federal law respecting an express waiver of all or any portion of the minimum wage requirement in a collective bargaining agreement."  RJN, Exh. D.

On May 18, 2012, the City considered Measure D pursuant to California Elections Code § 9212.[4]  As required by law, the City commissioned a study on the effects of the proposed ordinance.  RJN, Exh. E.  That study concluded, without qualification, that Measure D would permit the waiver of its requirements in a collective bargaining agreement: "The initiative provides for a waiver of the minimum wage through a bona fide collective bargaining agreement[.]"  *Id.* at p. 2 of 45.

---

[4] California Elections Code § 9212 requires a local government to either adopt an initiative measure that has garnered the requisite number of signatures or set a special election at which voters may adopt or reject the measure.

The Ordinance designates the City's Office of Equality Assurance as the department responsible for implementing the Ordinance and for promulgating guidelines, which have the force of law:

> The Office shall be authorized to coordinate implementation and enforcement of this Chapter and may promulgate appropriate guidelines or rules for such purposes. Any guidelines or rules promulgated by the Office <u>shall have the force and effect of law and may be relied on by Employers, Employees and other parties</u> to determine their rights and responsibilities under this Chapter.

Ordinance, § 4.100.080(A) (emphasis added).  On February 27, 2013, pursuant to this authority, the Office of Equality Assurance issued guidelines on the Ordinance's implementation, which included a guideline making clear that unions and unionized employers may opt-out of the Ordinance's coverage:

**Q:    Does the San Jose Minimum Wage Ordinance apply to employees covered by an existing collective bargaining agreement?**

A:    Yes.  The San Jose Minimum Wage Ordinance is a minimum labor standard and a law of general application that applies to all employees covered by the Ordinance whether or not represented by a bargaining unit or union.  However, under Ordinance Section 4.100.050, the provisions of the Minimum Wage Ordinance may be waived by a collective bargaining agreement.  The Ordinance requires that the waiver must be in a bona fide collective bargaining agreement and must be in clear and unambiguous terms. The parties to a collective bargaining agreement are free to negotiate any language they desire and the City of San Jose will not interfere with or participate in the negotiation of such language.

There may be many different ways to accomplish an effective waiver in a collective bargaining agreement.  An example of an effective waiver the City of San Jose's Office of Equality Assurance would recognize for purposes of enforcement is as follows: "Waiver of San Jose Minimum Wage Ordinance: To the fullest extent permitted, this agreement shall operate to waive any provisions of the San Jose Minimum Wage Ordinance and shall supersede and be considered to have fulfilled all requirements of said Ordinance as presently written, and or amended during the life of this agreement."

RJN, Exh. F.

*UNITE HERE Local 19 and Plaintiff McCray*

UNITE HERE Local 19 represents hospitality workers in Santa Clara County, including employees at the San Jose Marriott Hotel.  Complaint, ¶ 9.  Plaintiff Ian McCray worked at the Hotel from June 2012, when he was hired as a busser, until August 15, 2015, when the Hotel terminated his employment.  Complaint, ¶¶ 21-22.  Beginning in June 2012 and continuing to the present, McCray has been a member of the Union.  Complaint, ¶ 21.

The Union and the Hotel were parties to a collective bargaining agreement that expired on August 1, 2011.  Declaration of Enrique Fernandez, ¶ 4.  The parties extended the term of that agreement as they negotiated a successor agreement.  On January 17, 2013, Union and Hotel negotiators agreed on a Memorandum of Understanding setting forth the terms of a new collective bargaining agreement, subject to ratification of the agreement by the Union's membership.  Fernandez Decl., ¶ 7, Exh. 1.[5]  Appendix B to that Memorandum of Agreement set forth a provisional opt-out from the San Jose Minimum Wage Ordinance:

> The Employer and the Union, through collective bargaining, have agreed to explicitly waive as part of the parties' collective bargaining agreement, all provisions and requirements of the City of San Jose Minimum Wage Ordinance Chapter 4.100-4.100.120 ("Ordinance"), as provided for in Section 4.100.050, should the Ordinance become law as well as any other state, county, or federal minimum wage increase that contains similar waiver provisions.  This is intended to be a clear and unequivocal waiver in their entirety of the Ordinance and any other state, county, or federal minimum wage increases that contain waiver provisions.

*Id.*, Exh. 1, at App. B.  The Union's prospective waiver of the Ordinance's minimum wage was part of an economic package that included substantial increases in employer pension and health-care contributions.  Fernandez Decl., ¶¶ 5-8.

The Union held a ratification vote on the new collective bargaining agreement on January 24, 2013.  Fernandez Decl., ¶ 12.  The ratification vote was well advertised.  The Union mailed notices to bargaining-unit members, informing them of the ratification vote, and

---

[5] The complaint references that Memorandum of Understanding, so the Court may consider it under either Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6).  *See* Complaint, ¶ 18.

posted notices inside the Hotel.  *Id*. ¶ 12, Exh. 2.  McCray was a Hotel employee and Union member at the time, and so would have been sent a copy of the notice.  Complaint, ¶¶ 21-22; Fernandez Decl., ¶ 3.  The Union also posted flyers inside the Hotel, informing members of the vote.  Fernandez Decl., ¶ 12, Exh. 3.

At the ratification vote on January 24, 2013, members were encouraged to review the proposed collective bargaining agreement, which included the opt-out provision.  *Id.*, ¶ 13.  The Union also provided a summary sheet, which notified members of the opt-out from statutory minimum wages.  *Id.*, ¶ 13, Exh. 4.  A majority of Hotel employees voted to ratify the collective bargaining agreement.  *Id.*, ¶ 13; *see also id*., ¶ 15, Exh. 5.

Under the ratified collective bargaining agreement, the only classifications that did not receive the Ordinance's minimum wage are restaurant servers, banquet servers, and in-room dining servers.  *Id.*, ¶ 15, Exh. 5, at p. 45.[6]  These are all tipped classifications.  Banquet servers currently receive the *state* minimum wage of $10.00,[7] plus 65% of the service charge applied to banquet guests' final bill.  In-room dining servers receive the state minimum wage of $10.00 per hour, plus an 18% service charge on in-room dining bills.  *Id.*, Exh. 5, at pp. 20, 25, 45. Restaurant servers receive the state minimum wage of $10.00 per hour, plus tips left by customers.  *Id.*, Exh. 5, at p. 45. When employer contributions to health and welfare and pension are added, Hotel food servers receive $18.61 per hour, not including tips or service charges.  *See* Fernandez Decl., ¶ 10.  The collective bargaining agreement contains many other protections and rights not available statutorily to non-union employees, such as just cause protection against termination, paid vacations, paid holidays, protections against arbitrary scheduling, seniority rights, and a grievance and arbitration system.  *Id*., Exh. 5.

---

[6] The collective bargaining agreement is referenced in the complaint and may be considered under either Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6).  *See* Complaint, ¶ 18.

[7] The state minimum wage does not include a provision allowing unionized employers and unions to negotiate an opt-out and so applies to Hotel workers.

1

**ARGUMENT**

2

**I.    McCray Failed to Plead Facts to Support Federal Jurisdiction.**

3            McCray asserts two bases for federal jurisdiction—Labor Management Relations Act

4    ("LMRA") § 301, 29 U.S.C. § 185(a), and Labor-Management Reporting and Disclosure Act

5    ("LMRDA") § 412, 29 U.S.C. § 412—but does not plead facts that support federal jurisdiction

6    under either. *See* Complaint, ¶ 3.

7            The complaint must show "affirmatively and distinctly the existence of whatever is

8    essential to federal jurisdiction, and if [it] does not do so, the court, on having the defect called

9    to its attention or on discovering the same, must dismiss the case, unless the defect be corrected

10   by amendment." *Tosco Corp. v. Communities for a Better Environment,* 236 F.3d 495, 499

11   (9th Cir. 2001).  "Since subject matter jurisdiction must be affirmatively alleged, courts will not

12   infer allegations supporting the exercise of jurisdiction."  *NLRB v. Vista Del Sol Health Servs.,*

13   *Inc.*, 40 F. Supp. 3d 1238, 1250 (C.D. Cal. 2014); *see also Tosco Corp.,* 236 F.3d at 499;

14   *Century Southwest Cable Television, Inc. v. CIIF Assocs.,* 33 F.3d 1068, 1071 (9th Cir. 1994).

15           LMRA § 301(a), 29 U.S.C. § 185(a), establishes federal jurisdiction over "[s]uits for

16   *violation of contracts* between an employer and a labor organization representing employees in

17   an industry affecting commerce[.]" (emphasis added).  A prerequisite for federal jurisdiction

18   under this statute is an allegation that a contract between an employer and a labor organization

19   has been violated: "'Suits for violation of contracts' under § 301(a) are not suits that claim a

20   contract is invalid, but suits that claim a contract has been violated." *Textron Lycoming*

21   *Reciprocating Engine Div., Avco Corp. v. UAW*, 523 U.S. 653, 657 (1998); *id.* at 661-62

22   ("Because the Union's complaint alleges no violation of the collective-bargaining agreement,

23   neither we nor the federal courts below have subject matter jurisdiction over this case under §

24   301(a) of the Labor–Management Relations Act."); *Rugemer v. Am. Nat. Can Co.*, 217 F.3d

25   846 (9th Cir. 2000) ("By its terms, Section 301 confers federal subject-matter jurisdiction only

26   over suits for violation of contracts.  It does not confer jurisdiction on federal district courts in

27   suits concerning only contract validity.").

28

8

The complaint does not allege any violation of a collective bargaining agreement. Instead, the complaint asserts that one provision of the collective bargaining agreement—the negotiated opt-out from the San Jose Minimum Wage Ordinance—is invalid. Complaint, ¶¶ 25, 38, 44, 51-53. Because the complaint does not make any allegation that the collective bargaining agreement has been *violated*—only that one provision of the agreement is *invalid*—LMRA § 301 cannot confer federal jurisdiction.

The complaint alleges that the Union violated its *duty of fair representation* to McCray by negotiating what McCray believes to be an invalid contract term. Complaint, ¶¶ 57-60. But the duty of fair representation derives from § 9(a) of the National Labor Relations Act ("NLRA"), not LMRA § 301. *See Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998) ("When a labor organization has been selected as the exclusive representative of the employees in a bargaining unit, it has a duty, implied from its status under § 9(a) of the NLRA as the exclusive representative of the employees in the unit, to represent all members fairly."). Duty-of-fair-representation cases are heard pursuant to LMRA § 301 only in the form of so-called "hybrid § 301" claims—claims that the employer violated the collective bargaining agreement and that the union violated its duty of fair representation by failing to remedy this breach of contract:

> A union owes a duty of fair representation to those it represents, and an employer must honor the terms of a CBA to which it is a party. An aggrieved party may bring a hybrid fair representation/ § 301 suit against the union, the employer, or both. In order to prevail in any such suit, the plaintiff must show that the union and the employer have *both* breached their respective duties.

*Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 913 (9th Cir. 2006) (affirming summary judgment without reaching the issue of the union's DFR violation, because the plaintiff-employee failed to show that her employer breached the CBA); *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 164–65 (1983). In a hybrid/§ 301 lawsuit, there is LMRA § 301 jurisdiction because a breach of the collective bargaining agreement is alleged. Here, by contrast, the Hotel is not alleged to have breached the collective bargaining agreement; there is

9

only an allegation that part of the collective bargaining agreement is invalid.  LMRA § 301 cannot supply jurisdiction.

The complaint's caption also states that it seeks damages for "violations of the Labor Management Reporting Disclosure [*sic*] Act" and alleges jurisdiction under LMRDA § 412, 29 U.S.C. § 412.  Complaint, caption & ¶ 3.  That section allows any person whose rights under LMRDA Subchapter II have been infringed to file a civil action in federal court.  But the remainder of the complaint makes no mention of the LMRDA, nor does it explain what provision of Subchapter II the Union is alleged to have violated or how.

LMRDA Subchapter II sets forth a "Bill of Rights" for union members.  None of the provisions in that subchapter apply to the allegations that McCray makes in his complaint.  *See* 29 U.S.C. § 411(a)(1)-(5) (safeguarding "equal rights" to participate in union elections and referendums, freedom of union members' right to speak and assemble, procedures for ratifying dues increases, protections of the right to sue, and protections against improper discipline).  LMRDA § 412 does not provide a basis for federal jurisdiction either.

Because the complaint fails to allege facts that establish federal jurisdiction, the complaint must be dismissed under Rule 12(b)(1).

## II.     The Complaint Fails to State a Claim Under Rule 12(b)(1) or 12(b)(6).

### A.  McCray's DFR Claim Is Time-Barred Under *DelCostello*.

Even if there were federal jurisdiction under LMRA § 301, McCray's duty-of-fair-representation claim is both time-barred and legally baseless.  If LMRA § 301 jurisdiction exists, then a failure to state a claim is *jurisdictional* and is properly brought under Federal Rule of Civil Procedure 12(b)(1).  *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 546 F.3d 1169, 1176 (9th Cir. 2008) ("[A] failure to state a claim under section 301(a) of the LMRA is a defect in subject-matter jurisdiction, and Granite Rock's claim against IBT here should have been dismissed under Federal Rule of Civil Procedure 12(b)(1), not 12(b)(6) as the district court held."), *rev'd on other grounds*, 561 U.S. 287 (2010); *Rice v. Providence Reg'l Med. Ctr. Everett*, No. C09-482 RSM, 2009 WL 2342449, at *3 (W.D. Wash. July 28, 2009) ("Failure to state a claim under § 301 of the LMRA is a defect in subject-matter jurisdiction and requires

10

1  dismissal under FRCP 12(b)(1) rather than FRCP 12(b)(6).").  Accordingly, if there is federal

2  jurisdiction at all, extrinsic evidence may be considered in ruling on this motion.  *Smith v.*

3  *Grumman*, 60 F. Supp. 3d 1051, 1055 (N.D. Cal. 2014) ("[A] factual 12(b)(1) motion permits

4  the court to look beyond the complaint to extrinsic evidence.") (citing *Wolfe v. Strankman,* 392

5  F.3d 358, 362 (9th Cir. 2004)).[8]  Whether adjudicated under Rule 12(b)(1) or Rule 12(b)(6),

6  however, McCray's complaint is time-barred and baseless.

7      Claims against a union for breaching the duty of fair representation are subject to a six-

8  month statute of limitations.  *DelCostello*, 462 U.S. at 172; *Kaufman v. Int'l Longshore &*

9  *Warehouse Union*, No. 14-CV-03237-JST, 2015 WL 5698742, at *6 (N.D. Cal. Sept. 29,

10  2015).  Following *DelCostello*, the Ninth Circuit also applies a six-month statute of limitations

11  to LMRDA claims that are analogous to fair representation claims.  *Gardner v. Int'l Tel.*

12  *Employees Local No. 9*, 850 F.2d 518, 522 (9th Cir. 1988).  The six-month period begins to run

13  "when the employee discovers, or in the exercise of reasonable diligence should have

14  discovered," the union's alleged breach of duty of fair representation.  *Galindo v. Stoody Co.*,

15  793 F.2d 1502, 1509 (9th Cir. 1986).

16      McCray's duty-of-fair-representation claim against the Union is time-barred.  McCray

17  filed this lawsuit on March 11, 2016, so if he knew of, or "in the exercise of reasonable

18  diligence should have discovered," the Union's alleged breach prior to September 11, 2015, his

19  claim is barred under *DelCostello*.

20      McCray was a Hotel employee and Union member beginning in June 2012.  The Union

21  held a vote to ratify the collective bargaining agreement—including the opt-out about which

22  McCray now complains—on January 24, 2013.  That ratification vote was well-advertised,

23  including by notice mailed to union members' homes, and McCray was entitled to review the

24  proposed terms of the contract and to vote on its ratification.  Fernandez Decl., ¶¶ 12-13, Exhs.

25  2-4; *see also id.*, Exh. 1 (noting that proposed collective bargaining agreement was "[s]ubject to

26

27  [8] If the Court determines that this motion is properly adjudicated under Federal Rule of Civil Procedure
28  12(b)(6), Local 19 respectfully requests that the Court disregard extrinsic evidence submitted with this
   motion to dismiss and adjudicate the motion only on allegations in the complaint, documents
   referenced in the complaint, and judicially noticeable materials.

DEFENDANT'S NOTICE OF MOTION AND                Case No. 5:15-cv-01233-HRL
MOTION TO DISMISS COMPLAINT

ratification by UNITE HERE, Local 19 membership"). With reasonable diligence, McCray could have discovered the terms of the collective bargaining agreement he was being asked to ratify and under which he later worked. This actual or constructive knowledge of the opt-out provision triggered the six-month statute of limitations. *See, e.g.*, *Allen v. United Food & Commercial Workers Int'l Union*, 43 F.3d 424, 427 (9th Cir. 1994) (cause of action accrued on date Union held meeting on terms of new collective bargaining agreement's severance provision, regardless of whether plaintiffs were aware of the scope of their future damages under that provision); *White v. White Rose Food, a Div. of DiGiorgio Corp.*, 128 F.3d 110, 114 (2d Cir. 1997) (duty-of-fair-representation claim based on union entering into an amendment to the collective bargaining agreement without ratification by the union membership barred under *DelCostello*); *Newgent v. Modine Mfg. Co.*, 495 F.2d 919, 927-28 (7th Cir. 1974); *Pastrana v. Local 9509, Commc'ns Workers of Am.*, No. 06-CV-1779 W(AJB), 2008 WL 5054112, at *5 (S.D. Cal. Nov. 20, 2008); *Stokes v. Local 116 of Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers*, No. CIV. A. 92-3131, 1993 WL 23895, at *6 (E.D. Pa. Feb. 2, 1993).

Even if knowledge of the opt-out provision somehow could not be imputed to McCray based on his right to ratify the collective bargaining agreement, McCray was aware—or at the very least had constructive knowledge—that he was making less than the Ordinance's minimum wage rate after he became a food server in 2013. *See* Complaint, ¶ 22. From this, "reasonable diligence" would have led to awareness of the opt-out provision about which McCray complains. *Cook v. Columbian Chemicals Co.*, 997 F.2d 1239, 1241 (8th Cir. 1993) ("[C]onstructive notice of the existence of [union members]'s cause of action [against union] could be imputed to him by operation of the collective bargaining agreement under which he worked."). The complaint itself recognizes that McCray's last day as a food server at the Hotel was August 15, 2015, more than six months before he filed this lawsuit. Complaint, ¶ 22. That is the *last* possible day that McCray could have become aware that he was making less than the minimum wage.

McCray understood that he was covered by a collective bargaining agreement; he filed grievances under the contract. Fernandez Decl., ¶ 16, Exh. 6. Yet he never objected to his pay

12

rate, nor brought his dissatisfaction with making less than the Ordinance's minimum to the Union's attention. *Id.*, ¶ 16.

In *DelCostello*, the Court adopted the six-month statute of limitations in order to protect "'those consensual processes that federal labor law is chiefly designed to promote—the formation of the collective agreement and the private settlement of disputes under it.'" *DelCostello,* 462 U.S. at 163 (quoting *UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 702 (1966)).  McCray's challenge to the Union's decisions to negotiate the opt-out and to present it to members for ratification *more than three years ago* is entirely at odds with the federal labor policy goals of promoting stability and "rapid final resolution of labor disputes." *DelCostello,* 462 U.S. at 168.

### B.  McCray's Duty of Fair Representation Claim is Legally Frivolous.

Even if McCray's claims were not time-barred, his theory for duty-of-fair-representation liability is entirely baseless.  The complaint misstates the standard governing a duty-of-fair-representation case, demonstrates ignorance of federal and state law governing collective-bargaining opt-outs from minimum labor standards, and fails to acknowledge that the Ordinance expressly permits the opt-out arrangement that the Hotel and the Union negotiated.

### 1.  McCray misunderstands the duty-of-fair-representation standard.

Unions' duty of fair representation derives from their status as the exclusive bargaining representative under NLRA Section 9(a), 29 U.S.C. § 159(a).  Because federal labor policy favors giving unions latitude in representing bargaining-unit employees, the standard for whether a union has met its duty is highly deferential.  A union breaches its duty of fair representation only when its "conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.'" *Vaca v. Sipes,* 386 U.S. 171, 190 (1967); *Marquez,* 525 U.S. at 51; *United Steelworkers v. Rawson,* 495 U.S. 362, 372 (1990); *Patterson v. Int'l Bhd. of Teamsters, Local 959,* 121 F.3d 1345, 1349 (9th Cir. 1997); *Burkevich v. Air Line Pilots Ass'n, Int'l,* 894 F.2d 346, 349 (9th Cir. 1990).  McCray's complaint contains no allegation that the Union's negotiation of an opt-out was discriminatory or done in bad-faith,

and much less "factual content that allows the court to draw the reasonable inference that the defendant is liable" for any such misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).[9]

Conduct can be classified as *arbitrary* "only when it is irrational, when it is without a rational basis or explanation." *Marquez,* 525 U.S. at 46. "Under Supreme Court precedents, so long as a union exercises its judgment, no matter how mistakenly, it will not be deemed to be *wholly irrational*." *Beck*, 506 F.3d at 879 (emphasis added); *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) ("[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' as to be irrational.") (quoting *Huffman, supra*, 345 U.S. at 338). This extremely deferential standard for arbitrary conduct "gives the union room to make discretionary decisions and choices, even if those judgments are ultimately wrong." *Marquez*, 525 U.S. at 45–46. This is hornbook law. *See, e.g.*, William W. Osborne, Jr., LABOR UNION LAW AND REGULATION, 2015 Supp. (ABA 2015), at 215 ("Courts continue to apply the extremely deferential standard that a union's conduct was arbitrary only if it was 'so far outside a wide range of reasonableness as to be irrational'") (internal citations omitted).

Disregarding this established law, McCray argues that a union's duty of fair representation is equivalent to the duty of an attorney to a client or of a corporate official to a shareholder. Complaint, ¶ 49. McCray fails to recognize that the passages cited in the complaint from *Air Line Pilots v. O'Neill*, 499 U.S. at 74-75 reflected only attempts by individual members of the Supreme Court to articulate analogues to the duty of fair representation. He neglects to cite the actual standard set forth in that case: "[T]he final product of the bargaining process may constitute evidence of a breach of duty only if it can be fairly characterized as so far outside a 'wide range of reasonableness,' that it is wholly

---

[9] Trying to raise such a claim now would be baseless as well. The fact that a collective-bargaining decision may have a different effect on particular classes of workers will not support a claim that the negotiated term is "discriminatory" or in "bad faith." *Bautista v. Pan American World Airlines,* 828 F.2d 546, 549 (9th Cir.1987) ("In the context of representing its members at the bargaining table, a union must be allowed a "wide range of reasonableness" because it must be able to focus on the needs of its membership as a whole without undue fear of lawsuits from individual members disgruntled by the result of the collective process."); *Ford Motor Co. v. Huffman,* 345 U.S. 330, 338 (1953).

14

1    'irrational' or 'arbitrary.'"  *Air Line Pilots*, 499 U.S. at 78 (quoting *Huffman,* 345 U.S. at 338).

2    The Ninth Circuit has made clear that it is this standard—not precedent concerning attorney-

3    client or other relationships—that governs.  *See, e.g.*, *Addington v. US Airline Pilots Ass'n*, 791

4    F.3d 967, 983-84 (9th Cir. 2015)

5         **2.  McCray's claim that collective-bargaining opt-outs are prohibited is frivolous.**

6         McCray's theory in this case is that the Union breached its duty of fair representation by

7    negotiating the opt-out.  He believes that federal and state law—as well as the Ordinance

8    itself—do not permit a waiver of the Ordinance's minimum wages:

9              In this regard, Plaintiff is informed and believes and, thereupon, alleges that the
              Municipal Wage Ordinance, California, and/or federal law, including, without
10             limitation, the National Labor Relations Act ("NLRA"), do not permit the exemption
              offered by Plaintiff to Employers under the Municipal Wage Ordinance.
11

12   Complaint, ¶ 44. [10]  Elsewhere, McCray contends that the Union breached a duty "to be mindful

13   of the local, state, and federal laws, especially governing the minimum wages to be paid to

14   members, which laws *are unwaiveable by and through private contract.*"  Complaint, ¶ 50

15   (emphasis added).

16        Putting aside for the moment the deferential standard of review governing a duty-of-fair-

17   representation claim, each of these legal contentions is utterly baseless.  Collectively bargained

18   opt-outs from minimum labor standards—including minimum-wage laws—are common in

19   state and federal statutes, and go back at least to the 1930s.  When Congress passed the Fair

20   Labor Standards Act ("FLSA") in 1938, it included § 7(b), which exempted employers from

21   FLSA's overtime provision if their employees were employed under a bona fide collective

22   bargaining agreement meeting certain requirements.  52 Stat. 1063.  That provision remains

23   part of the FLSA, 29 U.S.C. § 207(b).  Many California state statutes enacted since then exempt

24   unionized employers from coverage if the collective bargaining agreement contains a waiver or

25

26

27   _____
     [10] The complaint improperly pleads this purely *legal* allegation on information and belief.

28

DEFENDANT'S NOTICE OF MOTION AND                    Case No. 5:15-cv-01233-HRL
MOTION TO DISMISS COMPLAINT

alternative terms.[11]   Nearly all local minimum- and living-wage ordinances that have been passed in California contain a provision allowing unions and unionized employers to opt-out of the standard in a collective bargaining agreement.[12]   Indeed, so common are opt-outs to state and local minimum labor standards in California that one federal court—in upholding a Los Angeles minimum-wage law that contains an opt-out—stated that "[e]xemptions for collective bargaining agreements with respect to any minimum labor standard are par for the course, as they are nearly guaranteed to be present in any labor-related statute." *Am. Hotel & Lodging Ass'n*, 119 F. Supp. 3d at 1197.  Under such opt outs, unions "[seek and receive] alternative wage protections through the collective bargaining process.'"  *Vranish v. Exxon Mobil Corp.*, 223 Cal.App.4th 103, 111 (2014) (quoting *Firestone v. Southern California Gas Co.*, 219 F.3d 1063, 1067 (9th Cir. 2000)).

The Supreme Court and the lower federal courts have made clear that collective-bargaining opt-outs from minimum-wage laws and other minimum labor standards are lawful under the NLRA.  *Livadas,* 512 U.S. at 132 (NLRA "cast[s] no doubt on the validity of these familiar and narrowly drawn opt-out provisions.");  *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 22 (1987);  *Babler Bros., Inc. v. Roberts,* 995 F.2d 911, 915 (9th Cir.1993) (statute was

---

[11] *See, e.g.*, Cal. Labor Code § 204(c) (collective-bargaining agreement opt-out for state bi-weekly pay requirement); § 201.9 (collective-bargaining agreements covering employees at a venue hosting theatrical or concert events may provide for different time periods for payment of wages due on discharge than those provided generally); § 227.3 (requiring payment of accrued vacation on termination, except where otherwise provided in collective-bargaining agreement); § 245.5 (excepting from California sick pay requirements employees covered by collective-bargaining agreement expressly providing for paid sick days or paid leave); § 512(e) (collective-bargaining agreement opt-out for California meal period requirements); § 514 (California overtime and alternative workweek provisions do not apply to employees covered by a valid collective-bargaining agreement meeting certain requirements).

[12] *See, e.g.*, Los Angeles Admin. Code § 10.37.12; Los Angeles Mun. Code § 181.00; San Francisco Admin. Code § 12.R.8; Oakland Mun. Code 2.28.160; San Leandro Mun. Code 1-6-640(k); Sacramento City Code 3.58.090; Emeryville Mun. Code 5-32.1.4(d); Berkeley Mun. Code 13.27.070(H) (upheld in *RUI v. City of Berkeley*, 371 F. 3d 1137 (9th Cir. 2004)); Pasadena Code of Ordinances 4.11.110; Berkeley Mun. Code § 13.99.050 ("To the extent required by federal law, all or any portion of the applicable requirement of this Chapter may be waived in a bona fide collective bargaining agreement, provided that such waiver is explicitly set forth in such agreement in clear and unambiguous terms.").

DEFENDANT'S NOTICE OF MOTION AND                    Case No. 5:15-cv-01233-HRL
MOTION TO DISMISS COMPLAINT

not preempted where it exempted unionized employers from paying overtime wages); *Viceroy Gold Corp. v. Aubry*, 75 F.3d 482, 489-90 (9th Cir. 1996) (collective-bargaining opt-out from overtime pay law valid under NLRA); *Firestone*, 219 F.3d at 1067-68 ("The Supreme Court in *Livadas* recognized that opt-out provisions for negotiated alternatives to state-law standards are not in conflict with federal preemption law."); *National Broadcasting Co., Inc. v. Bradshaw*, 70 F.3d 69 (9th Cir. 1995); *Am. Hotel & Lodging Ass'n*, 119 F. Supp. 3d at 1197 (local minimum-wage law with opt-out not in conflict with NLRA) (appeal pending); *Fortuna Enterprises, L.P. v. City of Los Angeles*, 673 F. Supp. 2d 1000, 1006-1012 (C.D. Cal. 2008) (same).

McCray asserts that California law precludes local governments from including collective-bargaining opt-outs in minimum-wage ordinances. No court has ever so held, although such opt-outs are common. McCray's lawyers base this claim on two statutes, which they misread. *See* Complaint, ¶¶ 16, 25. Labor Code § 1197 provides:

> The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. <u>This section does not change the applicability of local minimum wage laws to any entity.</u>

(emphasis added). By its terms, Labor Code § 1197 does not purport to alter the standards for applicability under a local minimum-wage law, including negotiated waivers in a collective bargaining agreement. Given this clear language, it is unsurprising that no court has ever held that § 1197 precludes local government from exempting particular categories of workers from minimum-wage coverage.

Labor Code § 1194(a) provides:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation <u>applicable to the employee</u> is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

(emphasis added). By its clear terms, this provision also does not prevent the State or local governments from drafting minimum-wage and overtime requirements that exempt employees

17

covered by collective bargaining agreements.  If McCray were correct, then the many California overtime statutes that exempt workers covered by collective bargaining agreements would be unenforceable.  *Cf. Flowers v. Los Angeles Cty. Metro. Transp. Auth.*, 243 Cal.App.4th 66, 80 (2015) (Section 1194 applied where there was no collective-bargaining exemption from minimum-wage coverage); *Vranish*, 223 Cal.App.4th at 112 (enforcing Labor Code § 514 collective-bargaining exemption from overtime rate of pay provision); *Wylie v. Foss Maritime Co.*, No. C–06–7228–MHP) 2008 WL 4104304, *17, *49 (N.D. Cal., Sept. 4, 2008) (same).  McCray's readings of Labor Code §§ 1194 and 1197 have no basis in text or case law.

Finally, McCray argues that the San Jose Minimum Wage Ordinance itself prohibits waiver, going so far as to accuse the Union of trying to "circumvent the will and desires of the voters of the City of San Jose."  Complaint, ¶ 38.  This too is frivolous.  Section 4.100.050 expressly provides for the waiver of its requirements in a collective bargaining agreement, and the City's Office of Equality Assurance—through guidelines that are binding law—has confirmed that "under Ordinance Section 4.100.050, the provisions of the Minimum Wage Ordinance may be waived by a collective bargaining agreement" so long as the waiver is "in a bona fide collective bargaining agreement and . . . in clear and unambiguous terms."  RJN, Exh. F.

### 3.  McCray's duty-of-fair-representation cause of action is frivolous.

When viewed in light of the deferential standard that applies to duty-of-fair-representation claims, McCray's lawsuit has even less legal basis.  The question that McCray's lawsuit raises is not whether the Union is ultimately correct that a collective-bargaining opt-out is available under the Ordinance, but rather whether the Union's conclusion, "in light of the factual and legal landscape at the time of the union's actions . . . is so far outside a 'wide range of reasonableness,' as to be irrational."  *O'Neill*, 499 U.S. at 67.  McCray cannot state a claim that that the Union acted "wholly irrationally" in negotiating the opt-out provision.

As shown above, collective-bargaining opt-outs in state and local minimum labor standard laws are common and are routinely upheld.  Courts have repeatedly rejected the notion

that such opt-outs conflict with the NLRA.  No California court has adopted McCray's idiosyncratic view that Labor Code §§ 1194 and 1197 preclude collective-bargaining waivers in state or local minimum labor standards, and that view is at odds with the language of those statutes.

Moreover, the City has issued *binding guidelines* confirming that the Ordinance's requirements may be waived in a collective bargaining agreement, so long as the waiver is clear and unmistakable.  The Ordinance states expressly that employers and unions may rely on this guidance: "Any guidelines or rules promulgated by the Office <u>shall have the force and effect of law and may be relied on by Employers, Employees and other parties</u> to determine their rights and responsibilities under this Chapter."  Ordinance, 4.100.080(A) (emphasis added); *cf. Marquez*, 525 U.S. at 46 (under duty of fair representation standard, "union's negotiation of a union security clause with language derived from the NLRA section authorizing such a clause is far from arbitrary.").

Under these circumstances, it is baseless to allege that the Union acted "wholly irrationally" in determining it could negotiate a collective-bargaining opt-out from the Ordinance's requirements.[13]

## C. McCray's State-Law Claims Are Preempted Under Hornbook Law.

McCray's complaint includes state-law causes of action for "breach of fiduciary duties" and "civil conspiracy."  Complaint, ¶¶ 57-65.  These causes of action are preempted by the NLRA.

Because the duty of fair representation is derived from the NLRA, it is defined solely by federal law and preempts state substantive law.  *Vaca v. Sipes*, 386 U.S. at 177.  Where the plaintiff alleges "a breach by the Union of a duty grounded in federal statutes . . . federal law . . . governs his cause of action" and preempts state law that seeks to regulate conduct within its ambit.  *Id*. at 176.  Thus, the federal statutory duty of fair representation "displaces state law

---

[13] McCray's cause of action for "declaratory relief" seeks a declaration that the Union breached its duty of fair representation.  Complaint, ¶¶ 41-47.  It is baseless and time-barred for the same reasons as is the duty-of-fair-representation claim itself.

DEFENDANT'S NOTICE OF MOTION AND                         Case No. 5:15-cv-01233-HRL
MOTION TO DISMISS COMPLAINT

that would impose duties upon unions by virtue of their status as the workers' exclusive collective bargaining representative." *Adkins v. Mireles,* 526 F.3d 531, 539 (9th Cir. 2008); *Cash v. Chevron Corp.*, No. C 99-3068 MJJ, 1999 WL 1075151, at *1 (N.D. Cal. Oct. 4, 1999) ("The federal duty of fair representation preempts the application of state substantive law which attempts to regulate conduct that falls within the union's duty to represent its members."); *Madison v. Motion Picture Set Painters & Sign Writers Local 729*, 132 F. Supp. 2d 1244, 1257 (C.D. Cal. 2000) (state-law claims that "the Union failed to represent its African-American members adequately at the bargaining table" preempted by federal law); *Guidry v. Marine Engineers & Beneficial Ass'n*, No. C 11-05347 CRB, 2012 WL 646302, at *3 (N.D. Cal. Feb. 28, 2012).

McCray's breach of fiduciary duty and civil conspiracy claims overlap entirely with his claim that the Union violated its duty of fair representation.  These state law claims are preempted under established law.  *Hyles v. Mensing*, 849 F.2d 1213, 1217 (9th Cir. 1988) (California civil conspiracy claim preempted); *Thomas v. Nat'l Ass'n of Letter Carriers*, 225 F.3d 1149, 1158 (10th Cir. 2000) (plaintiff's "civil conspiracy claims amount to a claim for a breach of the duty of fair representation" and are preempted); *Peterson v. Air Line Pilots Ass'n, Int'l,* 759 F.2d 1161, 1170 (4th Cir.1985) (finding a civil conspiracy claim in a labor context to be "essentially identical to the duty of fair representation claim"); *Audette v. ILWU Local 24*, 195 F.3d 1108, 1112-1113 (9th Cir. 1999) (state breach of fiduciary duty claim preempted); *Shek v. California Nurses Ass'n/Caregivers & Healthcare Employees Union*, No. C-10-1483 EMC, 2010 WL 3155830, at *4 (N.D. Cal. Aug. 9, 2010) (same); *Coleman v. S. Wine & Spirits of California, Inc.*, No. 11-00501 SC, 2011 WL 5520983, at *5 (N.D. Cal. Nov. 14, 2011) (same); *Bryant v. Am. Fed'n of Musicians*, No. 14CIV2598PACHBP, 2015 WL 7301076, at *3 (S.D.N.Y. Nov. 18, 2015) ("Plaintiff's state law claims for breach of fiduciary duty—premised on allegations of bad faith in maintaining Plaintiff's recording contracts and inadequately representing her interests as a union member—are subsumed by the duty of fair representation."); *see also Glass Molders, Pottery, Plastics & Allied Workers International*

*Union, Local No. 173,* 983 F.2d 725, 728-729 (6th Cir. 1993) ("malpractice" claims against union were claims of duty of fair representation violation).

Accordingly, McCray's causes of action for "breach of fiduciary duties" and "conspiracy" must be dismissed as well.  And because the complaint does not allege facts establishing federal jurisdiction, does not state a claim for breach of the duty of fair representation, and pleads state-law causes of action that are preempted by the NLRA, McCray's class allegations under Federal Rule of Civil Procedure 23 must also be dismissed. *See General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982) (where "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claims," courts may address class certification issues in a 12(b)(6) motion).

## CONCLUSION

McCray has filed a duty-of-fair-representation case against the Union that is time-barred and legally frivolous.  The Court should dismiss this case with prejudice pursuant to Federal Rule 12(b)(1) or 12(b)(6).

Dated: April 11, 2016                            Respectfully Submitted,

                                                 DAVIS, COWELL & BOWE, LLP


                                     By:    */s/ Paul L. More*
                                            Paul L. More
                                            Attorneys for Defendant
                                            *UNITE HERE LOCAL 19*

21

1

2

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 12, 2016, the foregoing **DEFENDANT'S** *CORRECTED* **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT** having been filed through the Electronic Court Filing "ECF" system and I am informed that it will be sent electronically to the following registered participants as identified on the Court's Notice of Electronic Filing.  The foregoing will be sent via first class mail to the attorneys of record who are not indicated as participants.

**[X]**   All parties are registered participants as identified on the Court's Notice of Electronic Filing.

Dated: April 12, 2016                                     */s/ Verna Owens*

                                                                      VERNA OWENS