1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

IAN MCCRAY,

               Plaintiff,

    v.

UNITE HERE! LOCAL 19,

               Defendant.

Case No.  16-cv-01233-BLF

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

[ECF 13]

Plaintiff Ian McCray, on behalf of himself and all persons similarly situated, brings this action against Unite Here! Local 19 (the "Union"), alleging that the Union violated its duty of fair representation by negotiating a collective bargaining agreement that waived coverage of the San Jose Minimum Wage Ordinance for employees at the San Jose Marriott Hotel.  Compl. ¶¶ 2, 48–56, ECF 1.  Plaintiff also brings claims for violations of the Labor Management Reporting Disclosure Act ("LMRDA") and Labor Management Relations Act ("LMRA"), breach of fiduciary duty, and conspiracy.  Compl., ECF 1.  Defendant Union has moved to dismiss the entire complaint for failure to plead facts to support federal jurisdiction, and because the claims are time-barred, legally frivolous, and/or preempted.  The Court heard oral argument on Defendant's motion on August 18, 2016.  For the reasons stated on the record and below, the Court GRANTS Defendant's motion to dismiss with leave to amend.

Fed. R. Civ. P. 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction.  When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of demonstrating that subject matter jurisdiction

exists. *Tosca Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *overruled on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). "'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect [can] be corrected by amendment.'" *Id.* (citing *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).

Plaintiff filed his action in this Court based upon the existence of a federal question under section 412 of the LMRDA and section 301 of the LMRA.  Compl. ¶ 3, ECF 1.  In its motion to dismiss, the Union argued that the Plaintiff failed to plead facts supporting jurisdiction under either the LMRDA or the LMRA.  Mot. 8, ECF 13.  Mr. McCray, in his opposition, concedes that fact, stating that he intended to cite to the National Labor Relations Act ("NLRA"), which is not referenced in his complaint.  Opp. 6, ECF 16.  Because Mr. McCray admits that his pleading does not demonstrate "the existence of whatever is essential to federal jurisdiction" and believes that he can amend the complaint to do so, the Court GRANTS Defendant's motion to dismiss for lack of subject matter jurisdiction with leave to amend to cure this deficiency.

Though Plaintiff's failure described above is dispositive of this motion, the Court reminds Plaintiff to consider each deficiency that Defendant identified in its motion.  For example, the Court agrees with Defendant that Plaintiff's complaint has not plausibly alleged facts demonstrating that the Union's actions were arbitrary, discriminatory, or in bad faith and that Plaintiff has not sufficiently pled facts demonstrating that the federal claims were timely filed or, alternatively, facts supporting an equitable estoppel theory.  Further, although not ruling on the issue here, the Court has concern that McCray's state law claims may be preempted by federal law.  The Court additionally notes that conspiracy is not a standalone cause of action.  Finally, Plaintiff has not provided a basis upon which relief can be granted for any of his causes of action, and reminds Plaintiff that he will need to do so in any amended pleadings.  *See, e.g.*, Compl. 15, ECF 1 (failing to provide a basis under which the Court could grant declaratory relief).

As discussed at the hearing, Mr. McCray shall file his amended pleading on or before September 19, 2016.  The Court STAYS discover until after the Court decides whether the case

United States District Court
Northern District of California

should be allowed to go forward based on Mr. McCray's amended complaint.

**IT IS SO ORDERED.**

Dated: August 18, 2016

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

3